UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

JEFFREY MORTON,
*individually and on behalf of*
*the classes described below*,

      Plaintiff,

 -v-

RAUSCH, STURM, ISRAEL,
ENERSON & HORNIK LLP,
also known as RAUSCH STURM, LLP
and RAUSCH STURM;
THE BUREAUS, INC.; and
BUREAUS INVESTMENT
GROUP PORTFOLIO NO. 15 LLC,

      Defendants.

## COMPLAINT – CLASS ACTION

There are no companion cases.

## Introduction

1.    Plaintiff Jeffrey Morton seeks redress for acts prohibited by the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 et seq.  ("FDCPA"), committed

by Defendants Rausch, Sturm, Israel, Enerson & Hornik LLP, also known as

Rausch Sturm, LLP and Rausch Sturm ("Rausch Sturm"); The Bureaus, Inc.

("TBI"); and Bureaus Investment Group Portfolio No. 15 LLC, ("BIG 15").

2.    The FDCPA prohibits unfair or unconscionable collection methods, conduct

which harasses or abuses any debtor, and any false, deceptive or misleading

statements in connection with the collection of a debt.  It also requires debt

collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e,

-1-

1692f and 1692g.

3.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence
       of the use of abusive, deceptive, and unfair debt collection practices by many
       debt collectors. Abusive debt collection practices contribute to the number of
       personal bankruptcies, to marital instability, to the loss of jobs, and to
       invasions of individual privacy."  15 U.S.C. §1692(a).

4.     Because of this, courts have held that "the FDCPA's legislative intent
       emphasizes the need to construe the statute broadly, so that we may protect
       consumers against debt collectors' harassing conduct." and that "[t]his intent
       cannot be underestimated."  *Ramirez v. Apex Financial Management LLC*,
       567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to
       enforce the public policies and protect the civil rights expressed therein.
       *Crabill v. Trans Union*, LLC, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed
       through the FDCPA, 15 U.S.C. §1692 et seq.

### Jurisdiction and Venue

7.     This court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331
       and 1337.

8.     The events described in this complaint occurred in this District.

## Parties

9.    Plaintiff Jeffrey Morton resided in Warren, Michigan at all relevant times.

10.   Defendant Rausch Sturm is a law firm organized as a Wisconsin limited

      liability partnership, with its principal place of business at 250 N.

      Sunnyslope Road, Suite 300, Brookfield, WI 53005.

11.   Rausch Sturm states on its website (https://www.rauschsturm.com/#who)

      that they are "attorneys in the practice of debt collection" and that ". . . For

      the past 40 years, our firm has represented financial institutions and

      creditors. . . .  If you received a letter or call from our firm, it means your

      bank or creditor has enlisted our services to help resolve the outstanding

      debt you owe. . . ."

12.   Defendant Rausch Sturm uses the mails and telephone system in conducting

      its business.

13.   Rausch Sturm is a debt collector within the FDCPA.

14.   Defendant BIG 15 is a limited liability company organized under Illinois law

      with principal offices at 650 Dundee Road, Suite 370, Northbrook, IL

      60062. Its registered agent is Michael Slotky at that address.

15.   The business of BIG 15 consists of (a) acquiring charged off (defaulted)

      consumer debts for pennies on the dollar and (b) collecting them, both by

      having collection agencies dun consumers on its behalf and by filing

      lawsuits on the debts through law firms such as Rausch Sturm.

16.   During 2017, BIG 15 filed over 200 collection lawsuits.

17.   During 2018, BIG 15 filed over 200 collection lawsuits.

18.   During 2019, BIG 15 filed over 200 collection lawsuits.

19.   The mails and telephone system are used in connection with such lawsuits.

20.   BIG 15 has no other business activities.

21.   BIG 15 holds a debt collection license from the state of Illinois, where it is headquartered.

22.   BIG 15 is a debt collector as defined in the FDCPA, in that it is an entity whose principal or only purpose is debt collection.

23.   Defendant TBI is an Illinois corporation with its principal place of business located at 650 Dundee Road, Suite 370, Northbrook, IL 60062. Its registered agent is Aristotle Sangalang at that address.  Sangalang is also TBI's president.

24.   TBI has a website (https://www.thebureaus.com/) on which it states, "The Bureaus, Inc. is a master servicer for accounts receivable portfolios, providing clients with the analytical tools and resources to recover debt."

25.   TBI's web site (https://www.thebureaus.com/payments/) provides means whereby consumers can make payments on debts owed to BIG 15 and other clients of TBI.

26.   TBI engages in credit reporting for debts for which it is master servicer.

27.   TBI arranges for the owner of the portfolio, here BIG 15, to retain collection agencies and attorneys, here Rausch Sturm.

28.   TBI uses the mails and telephone system to conduct its collection business.

-4-

29. TBI and BIG 15 are under common management.

30. TBI holds a debt collection license from the state of Illinois, where it is headquartered  (under its former name of Doctors Service Bureau).

31. TBI is a debt collector as defined in the FDCPA.

### FACTS

32.  In July 2019, Rausch Sturm, on behalf of BIG 15 and after having been retained by TBI, sent Plaintiff Jeffrey Morton the letter attached as Appendix A. Plaintiff received it shortly thereafter.

33. Appendix A sought to collect a credit card debt in the amount of $24,857.69.

34. The debt had been incurred for personal, family or household purposes and not for business purposes.

35. Plaintiff requested verification of the debt by means of the letter in Appendix B.

36. On August 19, 2019 Rausch Sturm, on behalf of BIG 15 and after having been retained by TBI, sent Plaintiff Jeffrey Morton the letter and enclosures attached as Appendix C. Plaintiff received it shortly thereafter.

37. The enclosures state that the debt was 186 days delinquent as of July 11, 2012.

38. The enclosures also state that the balance was $24,857.69 as of July 11, 2012, i.e., that no payments were credited to the account after July 11, 2012.

39. The six year statute of limitations therefore expired in early 2018.

40. On September 19, 2019, Rausch Sturm, on behalf of BIG 15 and after

having been retained by TBI, filed suit against Jeffrey Morton in Michigan

state court.  The complaint and related documents are in Appendix D.

41.    The accompanying documents included an affidavit of Aristotle Sangalang,

president of TBI.

42.    It is the policy and practice of Defendants to acquire and attempt to collect

large portfolios consisting of old credit cards.

## COUNT I – FDCPA  – CLASS CLAIM

43.    Plaintiff incorporates paragraphs 1-42.

44.    Defendants engaged in unfair and deceptive acts and practices, in violation

of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by suing

on time-barred debts.

45.    Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any debt.
Without limiting the general application of the foregoing, the following
conduct is a violation of this section: . . .**

**(2) The false representation of--**

**(a) the character, amount, or legal status of any debt; . . .**

**(5) The threat to take any action that cannot legally be taken or
that is not intended to be taken. . . .**

**(10) The use of any false representation or deceptive means to
collect or attempt to collect any debt or to obtain information
concerning a consumer . . . .**

46.    Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

47.   Plaintiff brings this claim on behalf of three classes.

48.   The Rausch Sturm class consists of (a) all individuals with addresses in Michigan (b) who Rausch Sturm sued on a credit card debt (d) with respect to which more than six years had elapsed since the later of default or last payment (e) which lawsuit was filed during a period beginning one year prior to the filing of this action.

49.   The TBI class consists of (a) all individuals with addresses in Michigan (b) sued on a credit card debt ( c) by any entity for which TBI is master servicer (d) where more than six years had elapsed since the later of default or last payment (e) which lawsuit was filed during a period beginning one year prior to the filing of this action.

50.   The BIG 15 class consists of (a) all individuals with addresses in Michigan (b) sued on a credit card debt ( c) by BIG 15 (d) where more than six years had elapsed since the later of default or last payment (e) which lawsuit was filed during a period beginning one year prior to the filing of this action.

51.   On information and belief, based on the fact that Defendants acquire debts in large portfolios containing debts of similar type and age, there are more than 40 members of each class.

52.   There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual

class members. The predominant questions are:

a.     Whether Defendants sue on time-barred debts;

b.     Whether such conduct violates the FDCPA.

53.   Plaintiff will fairly and adequately represent the class members.  Plaintiff has

retained counsel experienced in class actions and FDCPA litigation.

54.   A class action is a superior  means for the fair and efficient adjudication of

this matter, in that:

a.     Individual actions are not economically feasible;

b.     Members of the class are likely to be unaware of their rights;

c.     Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

     i.     Statutory damages;

     ii.     Any actual damaged incurred by class members, including all amounts collected on time-barred debts;

     iii.     Attorney's fees, litigation expenses and costs of suit;

     iv.     Such other and further relief as the Court deems proper.


Respectfully submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    s/ Adam G. Taub
        Adam G. Taub (P48703)
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        (248) 746-3790
        adamgtaub@clgplc.net

        s/ Daniel A. Edelman
        Daniel A. Edelman
        Cathleen M. Combs
        EDELMAN, COMBS, LATTURNER
           & GOODWIN, LLC
        20 S. Clark Street, Suite 1500
        Chicago, Illinois  60603
        (312) 739-4200
        Email: courtecl@edcombs.com

Dated: December 20, 2019

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been

assigned to counsel.

<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

-10-